UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22354-BLOOM/Otazo-Reyes**

JERRY MARTINO,

    Plaintiff,

v.

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ON SUGGESTION OF DEATH**

    **THIS CAUSE** is before the Court upon Plaintiff Jerry Martino's Amended Suggestion of Death Upon the Record Under Rule 25(a)(1) and Motion for Substitution of Party, ECF No. [16] ("Motion for Substitution"), and Defendant American Security Insurance Company's Motion to Dismiss, ECF No. [17]. Plaintiff filed a Response to the Motion to Dismiss, ECF No. [18], to which Defendant filed a Reply, ECF No. [19]. The Court has considered the two pending Motions, the supporting and opposing briefs, the record as a whole, the applicable law, and is otherwise fully informed. For the following reasons, the Motion for Substitution is denied, the Motion to Dismiss is granted without prejudice, and Plaintiff is granted leave to file an amended complaint.

    **I.    BACKGROUND**

    On May 2, 2022, Plaintiff filed his Complaint in state court alleging that Defendant breached its insurance contract with Plaintiff by failing to indemnify him for damages sustained to his property on September 10, 2017.  ECF No. [1-4] at 7. Defendant timely removed this action to federal court. ECF No. [1].

Case No. 22-cv-22354-BLOOM/Otazo-Reyes

On August 18, 2022, Plaintiff filed a Suggestion of Death Upon the Record Under Rule 25(a)(1) and Motion for Substitution of Party, ECF No. [8]. The Court denied that motion due to Plaintiff's failure to comply with the conferral requirement set forth in Local Rule 7.1(a)(3). ECF No. [11].

On August 30, 2022, Plaintiff renewed his Motion to Substitute. ECF No. [16]. Therein, Plaintiff states that Jerry Martino has passed away and Tania Martino has been appointed as the Personal Representative of Jerry Martino's estate. *Id.* at 1. Plaintiff requests that Tania Martino be substituted for Jerry Martino pursuant to Rule 25(a)(1). *Id*.

The Motion for Substitution does not state when Jerry Martino passed away. *See generally* ECF No. [16]. However, Plaintiff attached a document from state court indicating that he died on July 27, 2020 – nearly two years before this case was filed. ECF No. [16-1] at 2. According to that document, Tania Martino was appointed as the personal representative of his estate on March 15, 2022. *Id.* at 3.

In the Motion to Dismiss, Defendant urges the Court to deny Plaintiff's Motion for Substitution and dismiss this case because Jerry Martino's death prior to this suit's commencement renders the lawsuit "a legal nullity." ECF No. [17] at 3. Defendant argues that Rule 25 does not permit substitution in such a situation. *Id.* at 4 (citing *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)).

In Response, Plaintiff's counsel admits that it was due to his "oversight" that this lawsuit was filed in Jerry Martino's name. ECF No. [18] at 1; *id.* at 3 ("It was counsel's error, not Mrs. Martino's that led to Jerry Martino being named as Plaintiff."). Plaintiff requests leave to file an amended complaint pursuant to Rule 15 to add Tania Martino, an indispensable party in interest in this case. *Id.* at 5.

Defendant replies that "[i]t is immaterial whether the filing [in Jerry Martino's name] was intentional or a mistake. The law cannot correct a legal nullity, as this Court was never conferred jurisdiction because the case was filed in the name of a deceased individual." ECF No. [19] at 3 n.3.

## II. DISCUSSION

### A. Motion to Substitute Under Rule 25(a)

The first issue is whether Plaintiff may substitute Tania Martino for Jerry Martino pursuant to Federal Rule of Civil Procedure 25(a). In this Circuit, the answer is no.

In 1969, the Fifth Circuit rejected a Motion to Substitute under similar circumstances. *Mizukami*, 419 F.2d at 1320. Following a fatal automobile accident, the estate of Shasaku Mizukami sued the driver who allegedly caused her death. *Id.* at 1320. Between the time of the accident and the filing of Mizukami's lawsuit, the defendant driver passed away. *Id.* The district court denied Mizukami's Rule 25(a) motion to substitute the heirs of the driver as defendants, and the Fifth Circuit affirmed, reasoning that Rule 25(a) "contemplates substitution for someone who has not been made a party before his death." *Id.*

Although *Mizukami*'s analysis is sparse, its holding is binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions from the former Fifth Circuit issued prior to September 30, 1981 are binding within the Eleventh Circuit). Moreover, the Eleventh Circuit has since cited *Mizukami* for the related proposition that "Rule 25(c) applies only to transfers of interest occurring during the pendency of litigation and not to those occurring before the litigation begins." *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998); *see also Paz-Hernandez v. Aleida's Cafeteria, Inc.*, No. 19-cv-25131, 2020 WL 13390193, at *2 (S.D. Fla. Mar. 18, 2020) ("Fed. R. Civ. P. 25(a)(1) does not apply where, as

Case 1:22-cv-22354-BB   Document 20   Entered on FLSD Docket 10/14/2022   Page 4 of 7

Case No. 22-cv-22354-BLOOM/Otazo-Reyes

here, the defendant is deceased at the time the suit was filed."). Other circuits have agreed that substitution under Rule 25 is inappropriate in these circumstances because "a deceased plaintiff lacks Article III standing" in the first place. *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 784 (4th Cir. 2019); *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("[The dead lack the capacities that litigants must have to allow for a true Article III case or controversy.").

For the foregoing reasons, Rule 25(a) does not permit Plaintiff to substitute Tania Martino for Jerry Martino because Jerry Martino "predeceased the filing of the action." *Mizukami*, 419 F.2d at 1320. Plaintiff's Motion to Substitute is therefore denied.

### B. Motion to Dismiss and Leave to Amend

In the alternative to substitution under Rule 25, Plaintiff seeks leave to amend its Complaint under Rule 15. ECF No. [18] at 5. Defendant responds that Plaintiff has failed to cite any authority indicating that amendment is permissible in these circumstances, and that such a request to amend was denied in the *Engle Cases*. ECF No. [19] at 3-4 (citing *In re Engle Cases*, No. 09-cv-1000, 2013 WL 8115442 (M.D. Fla. Jan. 22, 2013)).

Defendant is correct that Plaintiff has provided little support for its position. Plaintiff's citations to Florida law are unhelpful since "the question of whether an amendment [is] permissible [is] governed not by state law but by Rule 15 of the Federal Rules of Civil Procedure." *United States v. Estate of Schoenfeld*, 344 F. Supp. 3d 1354, 1361 (M.D. Fla. 2018). However, the primary case cited by Defendant – *In re Engle Cases* – is also "readily distinguishable from the instant action." *Schoenfeld*, 344 F. Supp. 3d at 1361. In the *Engle* cases, "not only did the named plaintiffs, who were dead at the time of filing, not have the capacity to sue, but the claims brought by the dead plaintiffs seeking damages for personal injury rather than wrongful death were 'never viable.'

*Schoenfeld*, 344 F. Supp. 3d at 1361 (quoting *In re Engle Cases* ("*Engle II*"), 767 F.3d 1082, 1104 (11th Cir. 2014)). Here, by contrast, claims in the name of Tania Martino as Jerry Martino's personal representative appear to be viable now, and they were viable at the time the Complaint was filed, since Tania Martino appears to have been appointed as personal representative of Jerry Martino's estate on March 15, 2022, before this case was filed. ECF No. [16-1] at 3.

Rule 15 instructs the court to "freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "When a party seeks to amend a complaint to change plaintiffs, Rule 17 also comes into play." *Engle II*, 767 F.3d at 1109. "When the real party in interest is not properly named, Rule 17(a)(3) requires the court to provide an opportunity to substitute in the correct party before the court dismisses the case, provided that the substitution is made within a reasonable time after objection." *Id*. The purpose of Rule 17(a) is "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id*. at 113 (quoting Fed. R. Civ. P. 17, Advisory Comm. Notes, 1966 Amend). "[S]ubstitution is generally permitted where there is no evidence that the mistake was made in bad faith, was deliberate or tactical, or was an attempt to deceive or prejudice the defendants." *Arrowpoint Cap. Corp. v. Dogali*, No. 09-cv-1193, 2010 WL 11507375, at *2 (M.D. Fla. Mar. 30, 2010).

The Court concludes that amendment and substitution under Rules 15 and 17 are appropriate in this case. Plaintiff avers that it was an "oversight of counsel" that led to Jerry Martino being named as the Plaintiff in this case. ECF No. [18] at 1. There is no indication or allegation by Defendant that Plaintiff's misnaming was deliberate or made in bad faith; it appears to have been an "understandable mistake." *Engle II*, 767 F.3d at 1109 n.3. Relatedly, there is no suggestion that Defendant has been prejudiced by Plaintiff's failure to name the correct party. Substituting Tania Martino's name for Jerry Martino "is merely formal and does not materially

alter the known facts or issues," and "the original plaintiff was not a fictitious entity." *Id.*  Finally, Plaintiff's requested amendment is timely, as Plaintiff's counsel moved to substitute within a few weeks of becoming aware of the error. ECF No. [18] at 1. At the time of Plaintiff's request to amend, the deadline to file amended pleadings had not passed. *See* Scheduling Order, ECF No. [5] at 2.

For the foregoing reasons, the Court grants Plaintiff leave to amend its Complaint. *See Esposito v. United States*, 368 F.3d 1271, 1278 (10th Cir. 2004) (allowing substitution under Rule 17(a) under similar circumstances); *Arrowpoint*, 2010 WL 11507375 at *3 (same); *Schoenfeld*, 344 F. Supp. 3d at 1363-64 (same); *Cardno Int'l PTY, Ltd. v. Merino*, No. 17-cv-23964, 2019 WL 8892626, at * 2 (S.D. Fla. July 2, 2019) (denying substitution under Rule 25 but permitting substitution under Rule 17).

### III.   CONCLUSION

Accordingly, it is **ORDERED AND AJDUGED** as follows:

1. Plaintiff's Motion to Substitute, **ECF No. [16]**, is **DENIED**.
2. Defendant's Motion to Dismiss, **ECF No. [17]**, is **GRANTED** without prejudice.
3. Plaintiff shall separately file its Amended Complaint **no later than October 21, 2022**. Failure to do so will result in dismissal of this case.

Case No. 22-cv-22354-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record